**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory Wayne CORBITT, a/k/a Big Dooley, Defendant–Appellant.**

No. 91–3317
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1993.

Cloud H. Miller, III, Atlanta, GA, for defendant-appellant.

Michelle McCain Heldmyer, Asst. U.S. Atty., Jacksonville, FL, Karla R. Spaulding, Asst. U.S. Atty., Tampa, FL, for plaintiff-appellee.

Before HATCHETT and COX, Circuit Judges, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Corbitt pleaded guilty to conspiracy to distribute cocaine base and was sentenced to 168 months imprisonment. Because the sentencing judge participated in discussion of plea negotiations in violation of Fed. R.Crim.P. 11(e) the conviction must be reversed and the case remanded with instructions to vacate Corbitt's plea.

On Friday, January 25, 1991, the district court conducted a status conference and change of plea hearing for Corbitt and four co-defendants. When the pleadings began at 9:15 a.m., counsel for one of the defendants asked the court to extend the time for plea negotiations until Monday afternoon January 28, stating that he had "just received some new possibilities this morning that I need to convey to [my client]." Other counsel concurred. The court responded:

THE COURT: Well, let's just go to trial with all these fellows.

MS. HELDMYER [the prosecutor]: United States is prepared to go to trial, your Honor.

THE COURT: We don't play games in this court. Y'all want to plead guilty, you can plead guilty today. If you don't want to plead guilty, we'll go to trial. We have got plenty of time to try them. That will give each one of you until noon today to file any plea agreements. After that you will plead straight up or you go to trial.

Tr. p. 5. There followed discussion of the length of trial and number of witnesses. Counsel for a co-defendant inquired whether, if his client did execute a plea agreement by noon, when acceptance of the plea would occur, and the court instructed the attorney to stay available for Friday afternoon. The court then stated:

THE COURT: You people know Judge Moore, I guess you know Judge Moore, and you know I don't play games with these people.

MR. GREGORY [counsel for a co-defendant]: Yes, sir.

THE COURT: They want to go out and get arrested, they come in here and they'll get a fair trial, and if they get found guilty, they'll also get a fair sentence, fairly high.

Tr. p. 6.

The court announced a trial date of February 4. He appointed lead counsel and discussed such matters as jury instructions and marking of exhibits. The court then said:

THE COURT: Get your running shoes on and we'll go to trial on the 4th of February at 9:00 a.m.

Tr. p. 9. For plea agreements tendered by noon of Friday the court set 1:30 Friday afternoon to proceed with them. Proceedings recommenced at 1:40 p.m. All defendants filed written plea agreements, and the court went through plea proceedings. Sentence was imposed on Corbitt on March 29.

■■ Rule 11 Fed.R.Crim.P. was amended in 1975 to clarify and regulate the procedure for discussions and agreements regarding pleas of guilty. Paragraph (e)(1) provides that attorneys for government and defense "may engage in discussions" with a view toward reaching a plea agreement. It concludes with a categorical mandate: "The court shall not participate in any such discussions." The purpose and meaning of this prohibition are that "the sentencing judge should take no part whatever in any discussion or communication regarding the sentence to be imposed prior to the entry of a plea of guilty or conviction, or submission to him of a plea agreement." *U.S. v. Werker,* 535 F.2d 198, 201 (2d Cir.), *cert. denied,* 429 U.S. 926, 97 S.Ct. 330, 50 L.Ed.2d 296 (1976). *Werker* described the concern implicated in the judge's disassociation from plea bargaining:

The primary concern of those who would dissociate the judge from the plea bargaining process has been that judicial intervention may coerce the defendant into an involuntary plea that he would not otherwise enter. *See, e.g., Brown v. Peyton,* 435 F.2d 1352 (4th Cir.1970). The defendant may fear that rejection of the plea will mean imposition of a more severe sentence after trial or decrease his chances of obtaining a fair trial before a judge whom he has challenged. The concern that these fears may be translated into an involuntary plea have been admirably expressed in an often-quoted statement by Judge Weinfeld:

"The unequal positions of the judge and the accused, one with the power to commit to prison and the other deeply concerned to avoid prison, at once raise a question of fundamental fairness. When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office. His awesome power to impose a substantially longer or even maximum sentence in excess of that proposed is present whether referred to or not. A defendant needs no reminder that if he rejects the proposal, stands upon his right to trial and is convicted, he faces a significantly longer sentence. One facing a prison term, whether of longer or shorter duration, is easily influenced to accept what appears the more preferable choice" (footnote omitted).

*United States ex rel. Elksnis v. Gilligan,* 256 F.Supp. 244, 254 (S.D.N.Y.1966).

*Id.* at 201–02.

*U.S. v. Adams,* 634 F.2d 830 (5th Cir. Unit A Jan. 1981), *citing Werker,* held that Rule 11(e)(1) establishes "an absolute prohibition on all forms of judicial participation in or interference with the plea negotiation process." *Id.* at 835. It further held that judicial participation in discussions preceding a plea is plain error that can be raised on appeal sua sponte. *Id.* at 836. The court stated; "a defendant who has pled guilty after the judge has participated in plea discussions should be allowed to replead, without having to show that actual prejudice has resulted from the participation." *Id.* at 839.

Two circuits have recently reaffirmed the principles established by *Adams* and *Werker.* In *U.S. v. Bruce,* 976 F.2d 552 (9th Cir.1992), the defendants contended that the trial court had violated Rule 11(e)(1). Before the defendants had entered a plea, they and the prosecutor appeared before the trial judge. The judge asked the prosecutor to outline his plea offer, and then asked defendants and their

lawyers if they knew the minimum and maximum possible sentences. *See id.* at 555. The trial court then implied that if the defendants were found guilty it would have to impose a heavy sentence and asked the defendants to think about the plea "carefully." *See id.* The Ninth Circuit first held that judicial participation in a plea discussion is plain error reviewable for the first time on appeal. *Id.* at 554. It then concluded that the trial judge's actions constituted participation in plea discussions in violation of Rule 11(e). *Id.* at 555–56. Central to this holding was the court's conclusion that Rule 11(e) is an absolute prohibition of all forms of judicial participation in plea negotiations:

> the unambiguous mandate of Rule 11 prohibits the participation of the judge in plea negotiations under *any* circumstances: it is a rule that, as we have noted, admits of no exceptions.

*Id.* at 558 (*citing Adams*, 634 F.2d at 839). The court also agreed with *Adams* that the defendants should be allowed to replead without showing actual prejudice. *Id.* at 558.

The Sixth Circuit, in *U.S. v. Barrett*, 982 F.2d 193 (6th Cir.1992), also has held that Rule 11 prohibits any court participation in plea discussions. *See id.* at 195. Before the defendant had decided whether to plead or go to trial, the trial court held a conference call with the prosecution and defense counsel to resolve a dispute concerning the Sentencing Guidelines. *Id.* at 194. During the call, defense counsel suggested that the minimum sentence might be seven years. The judge said, "there is no way on God's green Earth I'm going to sentence him to only seven years, and I think the likelihood is I'm going to exceed the guidelines." *Id.* The judge also told defense counsel, "I truly don't see what defense [the defendant] has. My understanding is that your investigator has found no people who he has been looking for, which doesn't surprise me one iota." *Id.* The defendant entered a guilty plea six days later. *Id.* The Sixth Circuit held that these statements were coercive and violated Rule 11's absolute prohibition on judicial participation. *Id.* at 195. In so doing, it refused to consider whether other statements by the judge might have mitigated the effect of the

quoted statements. *Id.* at 196. Rule 11, the court noted, is designed to totally eliminate judicial pressure from the plea bargaining process. *Id.* (*citing Werker*, 535 F.2d at 203). The court concluded that the defendant must be allowed to withdraw his plea and remanded with instructions to assign the case to another judge. *Id.*

*Bruce* is similar to the present case. The trial court in *Bruce* did nothing flagrant; it simply indicated that the defendants were likely to receive a heavy sentence, thus they should think carefully about the prosecution's offer. That is analogous to the judge's statement in this case that Corbitt and his co-defendants would receive a "fairly high" sentence.

■ We do not need to address whether defense counsel's discussions with the trial court can be construed as an objection to the court's participation. Judicial participation is plain error, and the defendant need not show actual prejudice. *Adams*, 634 F.2d at 836, 839; *Bruce*, 976 F.2d at 554, 558.

Waiver under *U.S. v. Jones*, 899 F.2d 1097 (11th Cir.1990), is not implicated. That case addresses waiver of issues arising during sentencing hearings. This case concerns conduct prior to the entry of the plea.

■ *Adams* indicates that on remand the case should be reassigned to another judge even if there is no evidence that the judge is vindictive or biased, as a means to extend the prophylactic scheme established by Rule 11 and to prevent the possible misimpression created by the judge's participation. 634 F.2d at 842–43. *Barrett* agrees, 982 F.2d at 196. We conclude that we should follow the lead of those decisions.

The conviction of Corbitt is REVERSED and the case REMANDED with instructions that his plea be withdrawn and the case reassigned to another judge.