[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13878
Non-Argument Calendar
_____

D. C. Docket No. 05-00531-CR-2-VEH-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ORLANDO MCCRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 11, 2008)

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Richard Orlando McCray appeals from his conviction and 180-month

sentence after pleading guilty to being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1).  On appeal, he argues that: (1) there was an insufficient factual basis to sustain his guilty plea and he did not sufficiently understand the knowledge element of the offense when pleading guilty; (2) the district court plainly erred at the plea colloquy by comparing the sentence he would receive if he went to trial with the sentence he would receive if he pled guilty; and (3) his 180-month sentence, imposed as the mandatory statutory minimum, constituted cruel and unusual punishment, in violation of the Eighth Amendment. After thorough review, we vacate and remand as to Issue (2), and therefore, need not address McCray's alternative arguments attacking his guilty plea or his argument that his sentence violated the Eighth Amendment.

Federal Rule of Criminal Procedure 11(c)(1) provides, in part, that "[a]n attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions."  Fed. R. Crim. P. 11(c)(1).  "The primary concern of those who would dissociate the judge from the plea bargaining process has been that judicial intervention may coerce the defendant into an involuntary plea that he would not otherwise enter."  United States v. Corbitt, 996 F.2d 1132, 1134 (11th Cir. 1993).  We have interpreted Rule 11(c)(1) "as a bright line rule prohibiting the participation of the judge in plea negotiations under any circumstances: it is a rule

that, as we have noted, admits of no exceptions." United States v. Johnson, 89 F.3d 778, 783 (11th Cir. 1996) (quotations and alterations omitted).

McCray did not object to this Rule 11 issue at the plea hearing, and thus, we review the issue for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). Instead of conducting the normal four-prong plain-error analysis, however, we have stated that "[j]udicial participation [in plea negotiations] is plain error, and the defendant need not show actual prejudice." Corbitt, 996 F.2d at 1135.

In United States v. Casallas, 59 F.3d 1173, 1178 (11th Cir. 1995), we held that the prohibition on judicial participation in plea negotiations had been violated and remanded the case to allow the defendant to withdraw his guilty plea:

> As Casallas stood before the district court ready to return to Texas for trial, the district court judge contrasted the fifteen-year minimum mandatory that Casallas faced by going to trial in Texas with the ten-year minimum mandatory that Casallas faced by pleading to the conspiracy count. The judge stated: "if he pleads this afternoon he would get a minimum mandatory of ten, apparently which is a lot better than fifteen." The judge followed this statement with additional advice that Casallas "talk to his lawyer some and see if that is really what he wants to do."

Id. at 1177 (alteration omitted). Although we stated that the court's comments were "intended only to insure that Casallas was making an informed decision," we concluded that the statements "nonetheless crossed the line into the realm of

3

participation" and required reversal.  Id. at 1177-78.  In Corbitt, we held that there was a violation of the prohibition on judicial participation in plea negotiations where the court gave the defendants until the following day to file plea agreements, and told them that if they went to trial and were convicted, they would receive a "fair sentence, fairly high."  996 F.2d at 1133-35.  We have subsequently stated that "Casallas and Corbitt indicate that discussion of the penal consequences of a guilty plea as compared to going to trial is inherently coercive, no matter how well-intentioned."  Johnson, 89 F.3d at 783.

In this case, as in Casallas, the district court compared "the penal consequences of a guilty plea as compared to going to trial."  Id.  The court repeatedly explained to McCray that the low-end of his applicable guideline range would be 210 months' imprisonment if he proceeded to trial, which would require the court to conduct a downward variance in order for him to receive the statutory minimum sentence, but that, if he pled guilty, no such variance would be required for him to receive the statutory minimum.  Furthermore, as in Casallas, McCray's ultimate decision to plead guilty -- after he had previously indicated an intent to proceed to trial -- came on the heels of the court's participatory comments regarding the higher sentence he might receive if he went to trial.

Thus, although we recognize that the district court was merely attempting to ensure that McCray understood the consequences of his guilty plea, reversal is required.  Johnson, 89 F.3d at 783; Casallas, 59 F.3d at 1177-78.  We therefore conclude that the district court impermissibly participated in plea negotiations by repeatedly comparing the higher sentence that McCray would likely receive if he went to trial with the sentence that he would otherwise receive if he pled guilty.

Accordingly, we vacate McCray's guilty plea and remand to the district court to allow him to re-plead or proceed to trial.

**VACATED AND REMANDED.**