[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10715

_____

D. C. Docket No. 05-20916-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO ALLEN,
a.k.a. Spoon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 31, 2008)**

Before TJOFLAT and CARNES, Circuit Judges, and BOWEN,[*] District Judge.

PER CURIAM:

_____
[*]Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia, sitting by designation.

Alfonzo Allen appeals his convictions after pleading guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846, and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1), 2. He was sentenced to 480 months in prison. Allen contends that his conviction is due to be reversed because the district court judge violated the command of Federal Rule of Criminal Procedure 11(c)(1) that the court not participate in plea negotiations.[1]

We ordinarily review de novo the voluntariness of a guilty plea. United States v. Frye, 402 F.3d 1123, 1126 (11th Cir. 2005). However, where a defendant presents a different argument on appeal to support his position our review is for plain error only. See, e.g., United States v. Wright, 392 F.3d 1269, 1279 (11th Cir. 2004). That applies to Rule 11 violations raised for the first time on appeal. See United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) ("[W]hen a defendant fails to object to a Rule 11 violation, we review only for plain error").

Allen argued before the district court that ineffective assistance from his trial counsel, and coercion from the attorneys representing co-defendants, rendered his

---

[1] Allen also contends that the district court abused its discretion, or otherwise erred, by (1) denying him leave to withdraw his guilty plea, which he sought to do on the ground that his guilty plea was involuntary due to coercion from his trial counsel and from his co-defendants's attorneys; and (2) refusing to appoint substitute counsel for him after the guilty plea and before sentencing. We need not address either of those issues in view of our disposition of the Fed.R.Crim.P. 11(c)(1) issue.

guilty plea involuntary. His present argument presents a different reason for his contention that his guilty plea was involuntary, that being the district court judge's participation in the plea negotiations.

To prevail under the plain error standard, an appellant bears the burden of demonstrating that: (1) the district judge erred; (2) the error was plain; and (3) the error implicated his substantial rights. United States v. Edouard, 485 F.3d 1324, 1343, n.7 (11th Cir. 2007). We may then correct the error, at our discretion, if (4) it "'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (citation omitted). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004).

The Rule 11 requirements for taking guilty pleas are designed to "avoid the danger of an involuntary guilty plea coerced by judicial intervention." See United States v. Diaz, 138 F.3d 1359, 1363 (11th Cir. 1998). Rule 11(c)(1), which was formerly set forth as Fed.R.Crim.P. 11(e)(1), provides that "[a]n attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions." See

3

Fed.R.Crim.P. 11(c)(1).[2]  We have "interpreted Rule 11(e) as a bright line rule prohibit[ing] the participation of the judge in plea negotiations[.]"  United States v. Johnson, 89 F.3d 778, 782 (11th Cir. 1996) (citations and marks omitted) (alteration in original).  "Three rationales have been advanced for the strict prohibition on judicial participation:  (1) judicial involvement in plea negotiations inevitably carries with it the high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty; (2) the prohibition protects the integrity of the judicial process; and (3) the ban preserves the judge's impartiality after the negotiations are completed."  Johnson, 89 F.3d at 782-83 (citations and marks omitted).

We have said that not all comments by the district judge relating to plea agreements violate Rule 11, but any "discussion of the penal consequences of a guilty plea as compared to going to trial is inherently coercive, no matter how well-intentioned."  Johnson, 89 F.3d at 783.  We found, for example, a violation of Rule 11 where a district court judge gave the defendants until noon that day to plead

[2]Prior to being amended in 2002,  Rule 11(e)(1) provided:  "The attorney for the government and the attorney for the defendant . . . may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty . . ., the attorney for the government will [dismiss charges, agree to recommend or not oppose a request for a particular sentence, or agree that a specific sentence is appropriate]. The court shall not participate in any discussions."  Diaz, 138 F.3d at 1362.  For our purposes, there is no material difference between the pre- and post-amendment versions of the rule.  As a result, pre-amendment decisions apply to this issue the same as post-amendment ones.

guilty or else go to trial, and stated that if the defendants decided to go to trial, "they'll get a fair trial, and if they get found guilty, they'll also get a fair sentence, fairly high." See United States v. Corbitt, 996 F.2d 1132, 1133-35 (11th Cir. 1993). We also found a Rule 11 violation where a district court judge, during the plea colloquy, "contrasted the fifteen-year minimum mandatory [sentence that the defendant] faced by going to trial in Texas with the ten-year minimum mandatory [sentence that he] faced by pleading [guilty] to the conspiracy count," and then advised the defendant to "talk to his lawyer some and see if that is really what he wants to do." See United States v. Casallas, 59 F.3d 1173, 1176-78 (11th Cir. 1995).

In the present case the government had offered not to file a 21 U.S.C. § 851 notice of prior convictions in return for a guilty plea from Allen. Under Allen's circumstances if the § 851 notice were filed he faced a mandatory sentence of life imprisonment if convicted. Without that notice being filed the only mandatory sentence Allen faced was the minimum of 10 years for each of the two counts, to be imposed consecutively, although the court could impose a higher sentence. At the change-of-plea hearing while Allen, who was 28 years old, was wavering about pleading guilty, the district court judge told him:

> So, I'll tell you how it looks to me from here, Mr. Allen. You're totally gambling with your life. It's going to be hard to beat the charges.

5

There's a wiretap. If you want to go to prison for life, go to prison for life. You leave the federal system in a box. There's no parole.

I have people your age doing mandatory life. They write to me all the time. There isn't anything I can do for them. I have a woman who's doing mandatory life who I sentenced when she was 25 years old 15 years ago. She's 40 years old now, hasn't seen her children in 15 years, and will leave federal prison in a box.

Can I make it any clearer to you?

As Allen attempted to respond, the court interjected: "You can do what you want, and I want you to understand that, but you are really gambling."

There was error because the district court's statements to Allen clearly violated the prohibition in Rule 11(c)(1) against judicial participation in plea negotiations. The error was plain under the text of the rule itself and under our prior decisions that establish a bright line rule against this type of comment from the bench. See United States v. Diaz, 138 F.3d at 1363; United States v. Casallas, 59 F.3d at 1176–78; United States v. Corbitt, 996 F.2d at 1133–35. The error did affect Allen's substantial rights, because there is a reasonable probability that he would not have pleaded guilty but for the district court judge's comments. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340 (2004). A reasonable probability is one that undermines our confidence in the outcome of the plea colloquy. Id. Our confidence that Allen would have pleaded guilty without the

judge's comments is undermined because he was wavering about the decision at the time, and the judge's statements were not stray or isolated remarks but were instead focused and emphatic statements conveyed in graphic language.

The first three prongs of the plain error rule being met, we have discretion to correct the error. We choose to exercise that discretion to correct the error because it "may have created in the public . . . the misleading impression that a judge is anything less than a neutral arbiter – an error that seriously affect[s] the fairness and integrity of judicial proceedings." See United States v. Cano-Varela, 497 F.3d 1122, 1133-34 (10th Cir. 2007) (citations and marks omitted) (alterations in original) (vacating a guilty plea conviction because of a plain error violation of Rule 11(c)(1)).

As our decisions counsel, and without implying anything negative about the experienced and dedicated jurist who has presided during the district court proceedings so far, on remand the case should be reassigned to another district judge, "as a means to extend the prophylactic scheme established by Rule 11 and to prevent the possible misimpression created by the judge's participation." Corbitt, 996 F.2d at 1135.

Conviction VACATED and Case REMANDED with Instructions.