[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

No. 09-10705
Non-Argument Calendar

_____

D. C. Docket No. 05-00531-CR-2-KOB-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ORLANDO MCCRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 21, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Richard Orlando McCray appeals his conviction and 180-month sentence for

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

McCray initially pled guilty to the felon-in-possession charge, but in a prior

appeal, United States v. McCray, No. 07-13878 (11th Cir. June 11, 2008) ("McCray I"), we vacated his guilty plea and remanded the case. On remand, a jury found McCray guilty and the district court imposed the mandatory-minimum sentence of 180 months' imprisonment after finding that McCray qualified as an armed career criminal under U.S.S.G. § 4B1.1 and 18 U.S.C. § 924(e). In this appeal, McCray argues that: (1) the district court erred in allowing the government to propose an alternate theory of guilt in its closing rebuttal argument; (2) the court abused its discretion in denying his motion for sanctions under the spoliation doctrine; (3) his 180-month mandatory-minimum sentence under the Armed Career Criminal Act ("ACCA") is cruel and unusual; and (4) his sentence is unconstitutional because the prior convictions used to enhance it were not alleged in the indictment or proved to the jury. After thorough review, we affirm.

Typically, we review a claim of prosecutorial misconduct during closing arguments de novo because it is a mixed question of law and fact. United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006). We also review de novo questions of law. See United States v. Clark, 83 F.3d 1350, 1352 (11th Cir.1996). However, because McCray failed to object to the theory of guilt proposed by the government in its rebuttal argument, we review his prosecutorial misconduct claim under the plain-error standard. See United States v. Newton, 44 F.3d 913, 920 (11th Cir.

2

1995). "We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007).

In addition, "[w]e review the district court's decision regarding spoliation sanctions for abuse of discretion," Flury v. Daimler Chrysler Corp., 427 F.3d 939, 943 (11th Cir. 2005), just as we review a district court's evidentiary decisions in a criminal case for abuse of discretion, United States v. Gunn, 369 F.3d 1229, 1236 (11th Cir. 2004). We review de novo whether a sentence violates the Eighth Amendment. United States v. Johnson, 451 F.3d 1239, 1242 (11th Cir. 2006).

First, we disagree with McCray's argument that the district court erred in allowing the government to argue in its closing rebuttal argument that he knowingly possessed the firearm based solely on evidence that showed that he removed the firearm from his truck. In order to establish prosecutorial misconduct, a defendant must show that (1) the prosecutor's remarks are improper, and (2) the remarks prejudicially affect his substantial rights. Eckhardt, 466 F.3d at 947. A felon-in-possession conviction under 18 U.S.C. § 922(g)(1) requires proof of the following three elements: "(1) that the defendant was a convicted felon, (2) that the

3

defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." United States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000).

Possession may be actual or constructive. United States v. Pedro, 999 F.2d 497, 500 (11th Cir. 1993). Knowing possession means that the possession was voluntary and intentional, and not the result of a mistake or accident. See United States v. Woodruff, 296 F.3d 1041, 1047 (11th Cir. 2002). To establish the knowing possession element of § 922(g)(1), "[t]he prosecution need show only that the defendant consciously possessed what he knew to be a firearm." Deleveaux, 205 F.3d at 1298. The prosecution need not show that the defendant knew that his possession of a firearm was unlawful. Id. A defendant's motive or purpose for possessing the firearm is not the focus of § 922(g)(1). United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000).

On this record, the district court did not err, plainly or otherwise, in allowing the government to argue to the jury its theory that McCray possessed the firearm when he removed it from his truck. Consistent with the government's theory, McCray admitted to removing the firearm from his truck knowing what it was and with the intent to dispose of it, which satisfied the knowing possession element of § 922(g)(1) because he consciously and voluntarily possessed the firearm, not as a

4

result of a mistake or accident. See Woodruff, 296 F.3d at 1047; Deleveaux, 205 F.3d at 1298. Therefore, the government's alternate theory of guilt, that McCray possessed the firearm as soon as he removed it from his truck, did not give rise to a prosecutorial misconduct claim because it was based on a proper statement of the law and facts. See Eckhardt, 466 F.3d at 947.[1]

We likewise reject McCray's claim that the district court abused its discretion in denying his request for sanctions under the spoliation doctrine due to the destruction of the firearm at issue while McCray I was pending. In criminal cases, courts have developed law regarding a defendant's "constitutionally guaranteed access to evidence." Arizona v. Youngblood, 488 U.S. 51, 55 (1988) (quotation omitted). That area of law includes claims, under Brady v. Maryland, 373 U.S. 83 (1963), that the prosecution suppressed exculpatory evidence, as well as claims that the government destroyed potentially exculpatory evidence. See Youngblood, 488 U.S. at 55-57. In the latter cases, involving the destruction of evidence, a defendant's constitutional right to due process is violated only if the evidence was constitutionally material because it was likely to significantly contribute to his defense. United States v. Brown, 9 F.3d 907, 910 (11th Cir.

---

[1] Despite McCray's contention, Rent v. United States, 209 F.2d 893 (5th Cir. 1954), does not provide a basis for relief because the offense there required evidence of criminal intent in order for possession to be unlawful, which was the basis of the Court's holding, whereas § 922(g)(1) requires no such evidence. Compare id. at 900, with Deleveaux, 205 F.3d at 1298.

1993). To meet this standard of materiality, the evidence must have possessed exculpatory value that was apparent before its destruction, and the defendant must be unable to obtain comparable evidence. Id. Moreover, the defendant must demonstrate that the government acted in bad faith in destroying the evidence. Id.

We have recognized the potential availability of spoliation sanctions in a civil case if a party fails to preserve evidence. Flury, 427 F.3d at 943-45. "[S]poliation sanctions constitute an evidentiary matter," and "are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." Id. at 944 (emphasis added). A court has broad power to impose spoliation sanctions, but it may dismiss a case only if "there is a showing of bad faith and where lesser sanctions will not suffice." Id.

A party is prejudiced by the absence of evidence only if the evidence is material, such that there is a reasonable probability that, had the evidence been introduced, the result of the proceeding would have been different. See United States v. Bagley, 473 U.S. 667, 679-82 (1985) (involving a case of prosecutorial failure to disclose exculpatory evidence). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. at 682.

Even assuming, arguendo, that sanctions were available to McCray under the spoliation doctrine, the district court did not abuse its discretion in denying his

motion for sanctions. There is no dispute that sanctions under the spoliation doctrine only were warranted in this case if the evidence destroyed, the firearm, was material to McCray's defense. See id.; Flury, 427 F.3d at 944. The firearm was not material, however, because there is no reasonable probability that the fingerprint evidence that in theory could have been recovered from the firearm and ammunition would have changed the outcome of the trial. This speculative fingerprint evidence could have, at best, corroborated McCray's claim that a second man named Roosevelt left the firearm in his truck without his knowledge. But as discussed above, McCray's story -- that he removed the firearm from his truck and, when the police approached, placed it into his pocket -- demonstrated that he voluntarily possessed the firearm and was guilty under § 922(g)(1). Thus, there is no reasonable probability that the jury would not have found him guilty. See Bagley, 473 U.S. at 682; see generally United States v. Ramirez, 426 F.3d 1344, 1352 (11th Cir. 2005) ("A jury is presumed to follow the instructions given to it by the district judge."). Accordingly, any fingerprint evidence McCray theoretically could have obtained from the firearm was not material to his defense.

Next, we are unpersuaded that McCray's 180-month mandatory-minimum sentence imposed under the ACCA is cruel and unusual under the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual

punishment in non-capital cases encompasses only a narrow proportionality principle. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). In reviewing an Eighth Amendment challenge, we first

> must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions.

Reynolds, 215 F.3d at 1214. Successful proportionality challenges are rare because we give Congress substantial deference to determine the types and limits of criminal punishment. Raad, 406 F.3d at 1323. Accordingly, "a sentence within the statutory limits generally does not violate the Eighth Amendment." Johnson, 451 F.3d at 1243.

In Reynolds, we held that the 15-year mandatory-minimum sentence for violating the ACCA, 18 U.S.C. § 924(e), does not constitute cruel and unusual punishment. 215 F.3d at 1214. Although the defendant, who was convicted under § 922(g), argued that "his recent possession of the firearm was for an innocent reason," we noted that §§ 922(g) and 924(e) "do not focus on the motive or purpose of the current possession of firearms, but rather on the fact that a person with three or more violent felony or serious drug convictions currently possesses a

firearm." Id. Thus, the defendant could not show that his sentence was grossly disproportionate to the offense committed. Id.

As the record shows, the district court did not err in rejecting McCray's argument that his 180-month mandatory-minimum sentence under the ACCA violated the Eighth Amendment. McCray fails to demonstrate that his sentence is grossly disproportionate to his felon-in-possession offense -- an offense that focused on the fact that he possessed a firearm after previously committing four violent felonies. See id. Although he argues that his conduct in the instant case was innocent and not "morally blameworthy," we have has rejected a similar argument while also holding that the ACCA's 15-year mandatory-minimum sentence did not violate the Eighth Amendment. See id. McCray therefore has failed to show that his sentence is cruel and unusual.

Finally, we find no merit in McCray's argument that his sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), on the ground that the prior convictions used to enhance it were not alleged in the indictment or proved to the jury. In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of

enhancing a sentence." United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004). Almendarez-Torres preceded Apprendi, in which the Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. We have held that Almendarez-Torres remains binding despite Apprendi. United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006). Under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

McCray's 180-month enhanced mandatory minimum sentence under the ACCA is not unconstitutional based on the government's failure to allege the prior convictions used to enhance his sentence in the indictment or prove them to the jury. See Marseille, 377 F.3d at 1257 (citing Almendarez-Torres). As McCray concedes, his argument is foreclosed by binding precedent. See Greer, 440 F.3d at 1273.

**AFFIRMED.**