[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2010
JOHN LEY
CLERK

_____

No. 09-13980
Non-Argument Calendar

_____

D. C. Docket No. 07-00291-CR-01-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMMOM RYALS,
a.k.a. Jammon Ventura Ryals,
a.k.a. Jammon Rayls,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 20, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Jammon Ryals appeals his conviction and sentence for being a felon in possession of a firearm. Ryals argues that the district court intimidated him at the change of plea hearing into pleading guilty. He claims that when he refused to accept the government's plea agreement and enter a guilty plea, the district court berated him, warning that Ryals was giving up "an unbelievable deal" and it was unlikely he would "get anything even close to" it. Then, after Ryals continued in his refusal, the district court stated: (1) the trial would take one day; (2) he would not receive any reduction for acceptance of responsibility or cooperation; and (3) he had no defense to the crime. He claims that a district court may not discuss the penal consequences of a guilty plea as opposed to going to trial without creating a coercive situation. Ryals also raises other issues related to his sentencing, but we decline to address them in light of our holding below. The government concedes on appeal that the district court impermissibly participated in the plea negotiations and committed reversible error.

Where the defendant has failed to raise an issue below, we review for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Although Federal Rule of Criminal Procedure 11 allows "attorneys for government and defense [to] engage in discussions with a view toward reaching a plea agreement . . . [t]he court shall not participate in any such discussions." *United States v.*

*Corbitt*, 996 F.2d 1132, 1134 (11th Cir. 1993) (quotation omitted); *see* Fed.R.Crim.P. 11(c)(1). Therefore, "the sentencing judge should take no part whatever in any discussion or communication regarding the sentence to be imposed prior to the entry of a plea of guilty or conviction, or submission to him of a plea agreement." *Corbitt*, 996 F.2d at 1134 (quotation omitted). The ban on participation is "a bright line rule prohibiting the participation of the judge in plea negotiations under any circumstances: it is a rule that, as we have noted, admits of no exceptions." *United States v. Johnson*, 89 F.3d 778, 783 (11th Cir. 1996) (quotation omitted). "Judicial participation is plain error, and the defendant need not show actual prejudice." *Corbitt*, 996 F.2d at 1135. Furthermore, "on remand the case should be reassigned to another judge even if there is no evidence that the judge is vindictive or biased, as a means to extend the prophylactic scheme established by Rule 11 and to prevent the possible misimpression created by the judge's participation." *Id.*

The district court committed plain error by participating in the plea negotiations. Therefore, we **VACATE** Ryals's conviction and sentence and **REMAND** to another judge for a new Rule 11 hearing or a trial.[1]

---

[1] Ryals' request for oral argument is denied.