[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 29, 2011
JOHN LEY
CLERK

_____

No. 09-15495

_____

D. C. Docket Nos. 09-00212-CV-T-17-MAP
02-00424-CR-T-1

KABIL ANTON DJENASEVIC,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 29, 2011)

Before MARTIN, FAY and BLACK, Circuit Judges.

PER CURIAM:

Kabil Anton Djenasevic, a federal prisoner, appeals through counsel, the district court's denial of his *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. In his original petition, Djenasevic alleged that the trial and appellate counsel were ineffective, among other things, for failing to object that certain comments that the district court made at a pre-conviction suppression hearing amounted to impermissible participation in the plea negotiations. The district court denied this claim on two bases: (1) it was not a cognizable ground for collateral attack;[1] and (2) even if cognizable, Djenasevic failed to show that it resulted in any harm. The court made a separate finding that it did not participate in the plea discussions, but was instead trying to "stress[ ] the benefits of cooperation" and help Djenasevic "see the options he had." We granted a certificate of appealability ("COA") as to the following issue:

> Whether the district court erred in finding that Djenasevic's attorney did not provide ineffective assistance of counsel by failing to argue, before the district court and on direct appeal, that the district court improperly participated in plea negotiations, in violation of Fed.R.Crim.P. 11(c)(1).

---

[1]Appellant's challenge is cognizable as it goes directly to the voluntary nature of his guilty plea.

After reviewing the record, studying the briefs and having the benefit of oral argument, we find a violation of Rule 11 and ineffectiveness of counsel that requires reversal and we remand the case with instructions.

Substantively, the Federal Rules of Criminal Procedure mandate that "an attorney for the government and the defendant's attorney, or the defendant when proceeding *pro se*, may discuss and reach a plea agreement. *The court must not participate in these discussions.*." Fed.R.Crim.P. 11(c)(1) (emphasis added). Rule 11(c)(1) is a "bright line rule" that prohibits "the participation of the judge in plea negotiations under any circumstances . . .[and] admits of no exceptions." *United States v. Johnson*, 89 F.3d 778, 783 (11th Cir. 1996) (quotation omitted). Although other circuits recognize harmless error in the context of judicial participation, we do not. *United States v. Casallas*, 59 F.3d 1173, 1177 n.8 (11th Cir. 1995). Moreover, judicial participation is plain error for which the "defendant need not show actual prejudice," *United States v. Corbitt*, 996 F.2d 1132, 1135 (11th Cir. 1993). "The potential for coercion is greatest when a defendant realizes that the judge who is expressing an opinion . . . that he should plead, is the same person who will preside at his trial, and, if convicted, his sentencing." *Casallas*, 59 F.3d at 1178 n.9.

The colloquy in question took place during a hearing held on July 28, 2005, to consider appellant's motion to suppress. We need not set forth the comments made

by the district judge since during oral argument the government conceded there was a clear violation of Rule 11 and our precedent.[2] This conduct by the district judge apparently had the desired result as appellant changed his plea to guilty on Monday, August 1, 2005, the day scheduled for the trial to begin.[3]

Immediately thereafter appellant and his counsel had serious disagreements over how to proceed. Following several hearings, the magistrate judge appointed new counsel.

Djenasevic, through substitute counsel, moved to withdraw his guilty plea. He contended that he did not freely or intelligently enter the plea. He further contended that he was not actually guilty and did not intend to waive any rights. The government opposed the motion. The court denied Djenasevic's motion without a hearing, finding that his factual allegations lacked a sufficient basis and that his plea was voluntary.

Djenasevic appeared for sentencing in March 2006. The district court ultimately sentenced him to a total of 324 months' imprisonment on all counts.

Djenasevic appealed. On appeal, he argued, through counsel, that his guilty plea should be set aside because: (1) the government, by contesting his acceptance

---

[2]We appreciate the professional candor of the Assistant United States Attorney.

[3]The motion to suppress was denied on July 29, 2005.

of responsibility, broke a promise essential to the plea; and (2) his plea was based on trial counsel's factually inaccurate statement that a treaty would allow him to serve his sentence abroad. He also challenged his sentence. This Court affirmed. *See United States v. Djenasevic*, 248 Fed.Appx. 135, 136 (11th Cir. 2007) (unpublished). To the extent we construed Djenasevic to assert ineffective assistance of counsel, we dismissed the claim without prejudice to be reasserted in a collateral attack. This he has done.

In reply to the government's response to his § 2255 motion, Djenasevic reiterated that he pled guilty due, in part, to impermissible judicial interference. A coerced plea, he contended, was open to collateral attack. In a supporting affidavit, he stated that he did not intelligently plead guilty and counsel did not protect his interests during the process, depriving him of effective assistance and resulting in a coerced plea.

The government, while conceding a violation of Rule 11, urges the need for a hearing as to the ineffectiveness of counsel to determine when counsel knew about the remarks of the trial judge and whether there was in fact ineffectiveness in representation. We find such unnecessary, however, since appellant's counsel at the time was the one to whom the trial judge's comments were directed during a sidebar conference at the hearing on July 28, 2005. The only conclusion we can draw from

5

the record is that shortly after the change of plea on August 1, 2005, appellant changed his mind and told counsel he wanted to withdraw his guilty plea. Rather than pursue that course, counsel filed a motion to withdraw.[4] Under these circumstances, it was ineffectiveness of counsel to not file a proper motion requesting such relief based upon this clear violation of Rule 11.

When a Rule 11(c)(1) violation requires remand, as this case does, "the case should be reassigned to another judge even if there is no evidence that the judge is vindictive or biased, as the means to extend the prophylactic scheme established by Rule 11 and to prevent the possible mis-impression created by the judge's participation." *Corbitt*, 996 F.2d at 1135.[5]

Consequently, we reverse the ruling of the district court, remand the case for reassignment to a new judge. The new district judge shall convene a hearing and determine whether the petitioner wishes to withdraw his guilty plea. If the Petitioner elects to withdraw his guilty plea, the district court shall vacate his conviction and sentence and proceed accordingly.

REVERSED and REMANDED with instructions.

---

[4]Actually there were two motions to withdraw. The first was denied; the second was granted.

[5]We do not question the motivation of the district court or the intent to fully inform the appellant of his options. However, that does not excuse the error.