MARTIN, Circuit Judge,
concurring in result only:
I agree with the Majority’s conclusion that Mr. Castro has not shown the District Court’s Rule 11(c)(1) violation was plain error. I write separately to raise three points that bear emphasis. First, although United States v. Davila changed the standard for evaluating a Rule 11(c)(1) error on appeal, see 569 U.S. -, -, 133 S.Ct. 2139, 2143, 186 L.Ed.2d 139 (2013), it did not change our law for determining whether there was a Rule 11(c)(1) error or whether that error was plain. It is still true that the District Court’s comments described in the Majority opinion violated the Rule ll(c)(l)’s prohibition on judicial participation in plea discussions. Thus, Mr. Castro has shown error that is plain. See United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (“[Bjefore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights.” (quotation marks and alterations omitted)).
Second, Rule ll(c)(l)’s ban on judicial involvement in plea discussions remains an important prophylactic rule even after Davila. While Davila overruled our precedent that judicial participation in plea discussions required automatic vaca-tur without regard to case specific circumstances, see 133 S.Ct. at 2143, 2148, the Supreme Court did not immunize violations of Rule 11(c)(1) from appellate scrutiny. Rather, Davila held that a reviewing court must “consider all that transpired in the trial court in order to assess the , impact of the error on the defendant’s decision to plead guilty.” Id. at 2148. In doing so, the Supreme Court concluded that Rule 11(c)(1) errors are *1316 not “structural,” meaning they do not belong to a “very limited class of errors that trigger automatic reversal because they undermine the fairness of a criminal proceedings as a whole.” Id. at 2149 (quotation marks omitted). In other words, Rule 11(c)(1) errors, like most errors appellate courts review, are subject to harmless error analysis. But that does not diminish the important prophylactic purposes that Rule 11(c)(1) serves and promotes.
It is just as true today, as it was before Davila, that Rule 11(c)(1) was “designed to totally eliminate judicial pressure from the plea bargaining process.” United States v. Corbitt, 996 F.2d 1132, 1135 (11th Cir.1993). Davila did nothing to vitiate the important reasons that warrant separating the sentencing court from the plea discussions, such as: (1) judicial participation in the plea process may coerce thé defendant into accepting a proposed agreement or entering a plea of guilty involuntarily; (2) judicial participation may affect the court’s impartiality; and (3) judicial participation affects the appearance of impartiality. See United States v. Casallas, 59 F.3d 1173, 1178 (11th Cir.1995).
Finally, turning to the merits of Mr. Castro’s claim, this case presents for me a closer question as to whether Mr. Castro’s substantial rights were affected than the Majority’s opinion suggests. As I’ve said, I think the Majority correctly concluded that Mr. Castro has not shown, based on the full record, that “it was reasonably probable that, but for the ... [single comment of the district court], [Castro] would have exercised his right to go to trial.” Majority Op. at 1309 (quoting Davila, 133 S.Ct. at 2150 (alterations in Majority Op.)). But the Majority’s opinion goes further than I would in minimizing the timing of Mr. Castro’s guilty plea in relation to the Rule 11(c)(1) violation by saying: “[t]he timing of Castro’s decision to plead guilty is not dispositive. The comment by the district court arguably had an effect on Castro’s decision, but prejudice is not measured based on the speculative standard of what is arguable.” Majority Op. at 1314 (quotation marks omitted).
While timing may not always be “dispos-itive,” I say it remains an important factor. Indeed, in light of the closeness in time of the District Court’s comment to Mr. Castro and his decision to plead guilty, it seems to me that the effect is more than what the Majority characterizes as “arguable.” There are circumstances in which timing may still be dispositive. Davila is instructive on this point:
Had Davila’s guilty plea followed soon after the Magistrate Judge told Davila that pleading guilty might be “the best advice” a lawyer could give him, see App. 152, this case may not have warranted our attention. The automatic-vacatur rule would have remained erroneous, but the Court of Appeals’ mistake might have been inconsequential. See Tr. of Oral Arg. 47 (Counsel for the Government acknowledged that if there is a “serious [Rule 11(c)(1) ] error,” and the defendant pleads guilty “right after that,” the error would likely qualify as prejudicial).
133 S.Ct. at 2149.
In Davila there was a three month gap between the Rule 11(c)(1) violation and the defendant’s guilty plea. Id. (“Three months distanced the in camera meeting with the Magistrate Judge from Davila’s appearance before the District Judge who examined and accepted his guilty plea and later sentenced him.”). In contrast, there was no gap in Mr. Castro’s case. At Mr. Castro’s change of plea hearing, he told the District Court that he did not want to plead guilty. In that same proceeding, the District Court advised Mr. Castro that if he did not plead guilty that day, there *1317 might be consequences that would result in a more severe sentence for him. Then Mr. Castro immediately went forward with his plea of guilty. Because there was no gap in time, Mr. Castro is not similarly situated to the defendant in Davila. Further, because the District Court itself committed the Rule 11(c)(1) violation at the time of the plea hearing — unlike in Davila where a magistrate judge had committed the violation three months earlier — it cannot be said “there was no blending of judicial and prosecutorial functions” at the time Castro pleaded guilty. Id. For these reasons, I believe Mr. Castro’s case is factually distinguishable from Davila and presents a closer question on prejudice.
Even so, taking into consideration all of the circumstances identified by the Majority and the fact that Mr. Castro had the burden to prove his substantial rights were affected because he failed to object in the District Court, I am persuaded that there is not a reasonable probability that, but for the District Court’s single statement (which was error and plain), Mr. Castro “would have exercised his right to go to trial.” Id. at 2150.