[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13433
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cr-80053-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW STEINBERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 27, 2011)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Andrew Steinberg appeals his convictions and sentences for committing

mail and wire fraud and conspiring to do the same, in violation of 18 U.S.C.

§§ 1349, 1341, 1343, and 2.  Steinberg raises four arguments on appeal.  First, he contends that the district court plainly erred in advising him that he could not plead guilty to a portion of the multi-count indictment and that the district court's erroneous advice prevented him from obtaining an acceptance-of-responsibility sentence reduction.  Second, Steinberg argues that the district court clearly erred in finding that he committed perjury at trial and thus applying an obstruction-of-justice enhancement under U.S.S.G. § 3C1.1 on that basis.  Third, Steinberg argues that the district court erred in denying his request for a downward departure under U.S.S.G. § 5K2.13 based on his diminished mental capacity.  Finally, Steinberg argues that his 150-month, below-Guidelines-range sentence was unreasonable.  We address each claim in turn.

I.

Rule 11(c) provides that an "attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement.  The court must not participate in these discussions."  Fed.R.Crim.P. 11(c)(1).  This is a "bright line rule prohibiting the participation of the judge in plea negotiations under any circumstances: it is a rule that . . . admits of no exceptions." *United States v. Johnson*, 89 F.3d 778, 783 (11th Cir. 1996) (alteration and quotation marks omitted).  "Three rationales" underlie this "strict prohibition on judicial

2

participation: (1) judicial involvement in plea negotiations inevitably carries with it the high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty; (2) the prohibition protects the integrity of the judicial process; and (3) the ban preserves the judge's impartiality after the negotiations are completed." *Id.* at 782-83 (quoting *United States v. Casallas*, 59 F.3d 1173, 1178 (11th Cir. 1995)) (quotation marks omitted). Prior to any agreement by the parties, "a court should not offer comments touching upon proposed or possible plea agreements," which go beyond a source of information to plea negotiators and amount to "indications of what the judge will accept." *United States v. Diaz*, 138 F.3d 1359, 1363 (11th Cir. 1998) (quotation marks omitted).

Violations of Rule 11(c) most commonly result from improper commentary by the district court before acceptance of the guilty plea.[1] Here, by contrast, the

---

[1] *See, e.g.*, *Diaz*, 138 F.3d at 1363 (holding that the district court violated Rule 11 when it discussed the defendant's probable sentence prior to conviction and commented on the weight and nature of the evidence against the defendant); *Casallas*, 59 F.3d at 1176, 1178 (holding that the district court violated Rule 11 when it compared the minimum plea sentence with the minimum trial sentence during the plea colloquy and encouraged the defendant to discuss the sentencing disparity with his attorney); *United States v. Corbitt*, 996 F.2d 1132, 1133-35 (11th Cir. 1993) (holding that the district court violated Rule 11 when it imposed a noon deadline for the defendants to file a plea agreement, after which they could either "plead straight up or . . . go to trial," and subsequently stated that the defendants would receive a fair trial and a "fair sentence, fairly high" if convicted); *but cf. Johnson*, 89 F.3d at 783 (holding that no violation occurred because the district court's statements did not "touch on the sentence" and were not otherwise coercive, but correctly identified the "obvious risk" of pleading guilty to the substantive offense and proceeding to trial on the conspiracy charge and reminded the defendant of his right to choose between the two courses).

court's comments at an *ex parte* hearing are best characterized as misleading Steinberg to believe he had to either plead guilty to the whole indictment or to go to trial—in other words, that Steinberg was not allowed to plead guilty to some charges while contesting his guilt on others. *Cf. Johnson*, 89 F.3d at 779, 781-83 (noting that the district court correctly advised the defendant that he "could go to trial on one [count] and plead guilty to the other" count, *Id.* at 781). While the court's statements do not constitute the typical Rule 11 violation that pressures a defendant to *accept* a guilty plea, the court nonetheless crossed Rule 11's "bright line" in suggesting that Steinberg could not plead guilty to only some of his charges.

Steinberg did not raise the issue in the court below, and so we review the Rule 11 claim for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). Although we have held that, generally, "[j]udicial participation [in plea negotiations] *is* plain error, and the defendant need *not* show actual prejudice," *United States v. Corbitt*, 996 F.2d 1132, 1135 (11th Cir. 1993) (emphasis added), the defendant maintains the burden of showing actual prejudice when he claims, not that he was coerced into a plea, but that judicial participation persuaded him to go to trial, *Diaz*, 138 F.3d at 1363 (requiring showing of actual prejudice where defendant claimed, *inter alia*, that he would have been entitled to

4

an acceptance-of-responsibility reduction of his sentence if he had pled guilty instead of going to trial). Thus, Steinberg is not entitled to a new sentencing hearing unless he can demonstrate actual prejudice in his sentencing.

Steinberg claims that the error prejudiced him at sentencing primarily because he would have been entitled to up to a three-level reduction in his Guidelines calculation for accepting responsibility.[2] Steinberg does not say to which charges he *would* have pled guilty absent the court's misleading statement; he claims that he *might* have taken to trial only those charges on which he was acquitted, pleading guilty to the others, and thus earning an acceptance-of-responsibility reduction. But the record of Steinberg's obstruction of justice contradicts his claim.

"[A] defendant who falsely denies . . . relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. (n.1(a)). Conduct resulting in an obstruction-of-justice enhancement "ordinarily indicates that the defendant has not

---

[2] The offense level of a defendant, who "clearly demonstrates acceptance of responsibility for his offense," should be decreased by two levels. U.S.S.G. § 3E1.1(a). Such a defendant is entitled to an additional one-level reduction if, among other things, he has "has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." *Id.* § 3E1.1(b).

accepted responsibility for his criminal conduct." *Id.*, cmt. (n.4). At trial, Steinberg lied about, among other things, whether he had actually signed his confession, claiming variously that he had signed a blank document that FBI agents later filled in, or that he had been tricked into signing the confession by the FBI agents. Steinberg's claim that he would have fully accepted responsibility is not viable when viewed in light of his false accusations of government misconduct.

Accordingly, although the district court's comments violated Rule 11, Steinberg is not entitled to a new trial or a new sentencing hearing because he proceeded to trial on the charges brought against him and has failed to show that he was prejudiced by doing so. *See Diaz*, 138 F.3d at 1363-64.

II.

Section 3C1.1 of the Guidelines permits a two-level enhancement for obstruction of justice if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1.[3] Covered conduct includes "committing, suborning, or

[3] When a district court imposes an enhancement for obstruction of justice, we review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). Where the

6

attempting to suborn perjury." *Id.*, cmt. (n.4(b)). Perjury in this context is defined

as "false testimony concerning a material matter with the willful intent to provide

false testimony, rather than as a result of confusion, mistake, or faulty memory."

*United States v. Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116, 122 L. Ed. 2d

445 (1993), *abrogated on other grounds by*, *United States v. Wells*, 519 U.S. 482,

117 S. Ct. 921, 137 L. Ed. 2d 107 (1997).

We find no clear error in the court's factual finding that Steinberg's

testimony alleging the FBI agents' misconduct regarding his confession was

material and willfully false. Thus, the district court did not err in enhancing his

offense level under U.S.S.G. § 3C1.1.[4]

III.

Under U.S.S.G. § 5K2.13, "[a] downward departure may be warranted if

(1) the defendant committed the offense while suffering from a significantly

reduced mental capacity; and (2) the significantly reduced mental capacity

contributed substantially to the commission of the offense." However, we lack

jurisdiction, or statutory authority, to review a district court's decision to deny a

---

district court bases an obstruction-of-justice enhancement on perjury, we "accord great deference to the district court's credibility determinations." *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (quotation marks omitted).

[4] With this evidence of perjury to support the enhancement, we need not address the support for the court's findings of additional instances of perjury.

downward departure unless the district court incorrectly believed that it lacked authority to grant the departure. *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). Moreover, "when nothing in the record indicates otherwise, we assume the sentencing court understood it had authority to depart downward." *Id.* (quotation marks omitted). We find no evidence in the record indicating that the district court mistakenly believed it lacked such authority. Thus, we lack jurisdiction to review the district court's denial of a downward departure under U.S.S.G. § 5K2.13.

### IV.

When reviewing a sentence for reasonableness,[5] we must first determine that the "district court committed no significant procedural error, such as . . . failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). The district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

---

[5] We review the sentence imposed by the district court for reasonableness under an abuse of discretion standard. *United States v. Rodriguez*, 628 F.3d 1258, 1262 (11th Cir. 2010).

Rather, it is sufficient for the sentencing judge to set forth "enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468, 168 L. Ed. 2d 203 (2007).

If we conclude that the district court made no procedural errors, we then "consider the substantive reasonableness of the sentence." *Gall v. United States*, 552 U.S. at 51. We will remand for resentencing only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

Steinberg's total sentence was neither procedurally nor substantively unreasonable. The district court adequately considered the § 3553(a) factors and explained its rationale for imposing the total sentence of 150 months' imprisonment, which was well below the Guidelines range.

Accordingly, we affirm on all claims.

**AFFIRMED**.