[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15310 ; 11-10224
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00060-JRH-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY DAVILA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(December 21, 2011)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Anthony Davila appeals following his conviction for conspiracy to defraud the United States by obtaining false tax refunds, 18 U.S.C. § 286.[1]  During a February 2010 hearing before a magistrate judge, Davila requested the discharge of his court-appointed attorney, expressing a concern that counsel had not discussed any pertinent strategies with him except to plead guilty.  The magistrate judge responded that "there may not be viable defenses to these charges," and that pleading guilty sometimes was the best advice an attorney could provide his client.  The magistrate judge proceeded to inform Davila that:

> The only thing at your disposal that is entirely up to you is the two or three level reduction for acceptance of responsibility.  That means you've got to go to the cross.  You've got to tell the probation officer everything you did in this case regardless of how bad it makes you appear to be because that is the way you get that three-level reduction for acceptance, and believe me, Mr. Davila, someone with your criminal history needs a three-level reduction for acceptance.

In May 2010, Davila entered a plea of guilty before the district court, and on November 15, 2010, the court sentenced him to 115 months' imprisonment.

---

[1] Davila also purports to appeal the denial of a post-judgment motion for reconsideration, but, by failing to include any challenge to this ruling in his opening brief, he has abandoned this issue on appeal.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

On appeal, Davila argues that the magistrate judge's comments at the *in camera* hearing amounted to improper participation in his plea discussions, requiring that his conviction be vacated. Davila specifically asserts that the magistrate judge commented on the weight of the evidence against him and suggested that a plea would result in a sentence more favorable than the sentence he would receive if he stood trial and was found guilty. He also asserts that he was entitled to the vacatur of his conviction despite his failure to object to the magistrate judge's comments because there was "no question" that the comments violated his substantial rights and undermined the integrity of the proceedings.

Where, as here, the defendant fails to object to an asserted Rule 11 violation before the district court, we review the alleged violation for plain error. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). Under the plain error standard, the defendant ordinarily must show that: (1) error existed (2) the error was plain, and (3) it affected the defendant's substantial rights; and (4) it "seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.*

The Federal Rules of Criminal Procedure provide that "an attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. *The court must not participate in*

*these discussions*." Fed. R. Crim. P. 11(c)(1) (emphasis added). Rule 11(c)(1) states a "bright line rule": it prohibits "the participation of the judge in plea negotiations under any circumstances . . . [and] admits of no exceptions." *United States v. Johnson*, 89 F.3d 778, 783 (11th Cir. 1996) (quotation omitted). Thus, "[j]udicial participation *is plain error, and the defendant need not show actual prejudice*." *United States v. Corbitt*, 996 F.2d 1132, 1135 (11th Cir. 1993) (emphasis added). Notably, while other circuits recognize harmless error in the context of judicial participation, we do not. *See United States v. Casallas*, 59 F.3d 1173, 1177 n.8 (11th Cir. 1995).

Three rationales support the absolute ban on judicial participation: "(1) judicial involvement in plea negotiations inevitably carries with it the high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty; (2) the prohibition protects the integrity of the judicial process; and (3) the ban preserves the judge's impartiality after the negotiations are completed." *Johnson*, 89 F.3d at 782-83 (quotation omitted). Thus, prior to any agreement by the parties, "a court should not offer comments touching upon proposed or possible plea agreements," which go beyond a source of information to plea negotiators and amount to "indications of what the judge will accept" that

4

"will quickly become the focal point of further discussions." *United States v. Diaz*, 138 F.3d 1359, 1363 (11th Cir. 1998) (quotations omitted).

When the district court contrasts the sentence a defendant would receive if he pled guilty with the sentence he would receive if he went to trial and was found guilty, judicial participation is presumed and the conviction must be set aside. *See Casallas*, 59 F.3d at 1177 (holding that a court's comments contrasting the likely minimum sentence he would receive if he pled with the minimum sentence he would receive if he went to trial, and suggesting that the defendant "talk to his lawyer and see if [a trial] is really what he wants to do" operated to coerce the plea in violation of Rule 11(c)(1)). Similarly, a court may not comment on the "weight and nature of the evidence against" a defendant. *Diaz*, 138 F.3d at 1361-63 (holding that the district court violated Rule 11 by participating in plea discussions, in part, due to its comments that the evidence against the defendant was "kind of compelling," but declining to vacate the conviction because the defendant proceeded to trial nonetheless).

As a bright line rule, we usually refrain from inquiring into the degree of judicial participation. *Casallas*, 59 F.3d at 1178. Furthermore, while a court may be "motivated primarily by the concern that [the defendant] be thoroughly apprised of the situation that he faced, . . . this concern, however

well-intentioned," will not excuse judicial participation. *Id.* When a Rule 11(c)(1) violation requires remand, "the case should be reassigned to another judge even if there is no evidence that the judge is vindictive or biased, as the means to extend the prophylactic scheme established by Rule 11 and to prevent the possible mis-impression created by the judge's participation." *Corbitt*, 996 F.2d at 1135.

We agree with Davila that the magistrate judge's comments at the *in camera* hearing amounted to judicial participation in plea discussions, and the record reflects that he pled guilty after these comments were made. Under our binding precedent, Davila need not show any individualized prejudice. Accordingly, we vacate Davila's conviction and remand for the case with the instruction that Davila's not guilty plea be reinstated and that the Chief Judge of the District Court reassign the case to another district judge with the instruction that the magistrate judge who handled Davila's case is disqualified.

VACATED and REMANDED, with instructions.