[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12651
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00003-RS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YAMURA D. HUDSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(April 16, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Yamura Hudson appeals his convictions for possession with intent to

distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B)(iii), and (b)(1)(B)(ii)(II); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(A); and distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 941(a)(1) and (b)(1)(C).  Hudson argues that the district court improperly engaged in the plea negotiations, in violation of Federal Rule of Criminal Procedure 11(c)(1), because the court responded to Hudson's expressed concern for his family's safety.  Hudson also argues that his trial counsel was ineffective because his attorney conceded that a general arrest warrant authorized police officers to enter a mobile home and arrest Hudson.  After review of the record and consideration of the parties' briefs, we affirm.

## I.

"Where, as here, the defendant fails to object to an asserted Rule 11 violation before the district court, we review the alleged violation for plain error." *United States v. Davila*, 664 F.3d 1355, 1358 (11th Cir. 2011) (per curiam), *cert. granted*, 133 S. Ct. 831 (2013).  We have stated that "[j]udicial participation [in plea negotiations] is plain error, and the defendant need not show actual prejudice." *United States v. Corbitt*, 996 F.2d 1132, 1135 (11th Cir. 1993) (per curiam).  We do not recognize harmless error in the context of judicial participation.  *Davila*, 664 F.3d at 1358.

2

Rule 11(c) provides that the government and the defendant "may discuss and reach a plea agreement", but "[t]he court must not participate in these discussions." Fed. R. Crim. P. 11(c)(1).[1]  Rule 11(c)(1) states a "bright line rule" that "prohibit[s] the participation of the judge in plea negotiations under any circumstances . . . [and] admits of no exceptions." *United States v. Johnson*, 89 F.3d 778, 783 (11th Cir. 1996) (internal quotation marks omitted).  "Simply put, district courts should not offer any comments touching upon this subject." *Tobin*, 676 F.3d at 1307 (internal quotation marks omitted).

"Rule 11's prohibition on court participation in plea negotiations is designed to totally eliminate judicial pressure from the plea bargaining process." *United States v. Casallas*, 59 F.3d 1173, 1178 (11th Cir. 1995) (internal quotation marks omitted).  Three rationales underlie this "strict prohibition on judicial participation: (1) judicial involvement in plea negotiations inevitably carries with it the high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty; (2) the prohibition protects the integrity of the judicial process; and (3) the ban preserves the judge's impartiality after the negotiations are completed."

---

[1] Many of the cited cases in this opinion address former Federal Rule of Criminal Procedure 11(e)(1), which provided that a court "shall not participate in any discussions between the parties concerning any such plea agreement." Fed. R. Crim. P. 11(e)(1) (2002).  The change in language between the former Rule 11(e)(1) and the current Rule 11(c)(1) is "stylistic and does not alter the substantive law." *United States v. Tobin*, 676 F.3d 1264, 1303 n.23 (11th Cir.), *cert. denied* 133 S. Ct. 658 (2012).  Accordingly, case law addressing former Rule 11(e)(1) applies to the current version of the rule.

3

*Johnson*, 89 F.3d at 782–83 (internal quotation marks omitted).  Furthermore, even a court's well-intentioned concern that the defendant be thoroughly apprised of the situation will not excuse judicial participation.  *Tobin*, 676 F.3d at 1307.

> We have held that there was no Rule 11 violation where:
>
> (1) the district court's statements were made during a change-of-plea colloquy; (2) the court responded to the defendant's hesitance with invitations to break off the colloquy and go to trial, which the defendant did not accept; (3) the statements did not "touch on the sentence"; (4) the statements were not otherwise coercive, but correctly identified the "obvious risk" of pleading guilty to the substantive offense and proceeding to trial on the conspiracy charge; and (5) the statements reminded the defendant of his right to choose between the two courses, but explicitly left the decision to the defendant and his attorney.

*Johnson*, 89 F.3d at 783–84.  Under those circumstances, we stated that the district court was merely going to "some lengths to satisfy" the other requirements of Rule 11.  *Id.* at 784.

Here, the district court did not violate Rule 11 when it responded to Hudson's expressed concerns regarding the safety of his family members.  No discussions concerning the terms of the plea or the sentence that would be imposed—other than the advice that Rule 11(c) requires the court to give a defendant—occurred during the colloquy by the court.  While the court did state that cooperation works to everyone's advantage, it also stated that cooperation resulted in a credit in scoring, and that the government would not make empty promises because it wanted future defendants to cooperate.  None of these

4

statements rise to the level of discussing the penal consequences of a plea. *See Casallas*, 59 F.3d at 1176–78 (holding that the district court operated to coerce the plea in violation of Rule 11 when the court contrasted the 10-year mandatory minimum sentence faced by pleading guilty to a conspiracy count with the 15-year mandatory minimum sentence faced by going to trial, and suggested that the defendant "talk to his lawyer . . . and see if [a trial] is really what he wants to do"). The court spoke only of pleas in general and in no way specifically linked its comments to Hudson's situation. *See Corbitt*, 996 F.2d at 1133, 1134–35 (holding that the district court violated Rule 11 when it stated that if the defendants went to trial, they would receive a fair trial and a "fair sentence, fairly high" if convicted). It is clear that the district court here did not participate in the plea negotiation itself because it did not make the types of comments that we have held violate Rule 11(c)(1) and did not respond to Hudson's question in a coercive manner.

## II.

"[E]xcept in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (internal quotation marks omitted). In *Massaro v. United States*, the Supreme Court held that, in most cases, the record is inadequate to raise an ineffective-assistance claim on direct appeal because the trial evidence was devoted to guilt-or-innocence issues, as

5

opposed to the reasoning behind counsel's actions.  538 U.S. 500, 504–05, 123 S. Ct. 1690, 1694 (2003).  It observed that the record "may contain no evidence of alleged errors of omission, much less the reasons underlying them."  *Id.* at 505, 123 S. Ct. at 1694.  As such, "an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255," as opposed to direct appeal.  *Merrill*, 513 F.3d at 1308 (alteration and internal quotation marks omitted).

Hudson raises an ineffective assistance of counsel claim for the first time on direct appeal.  As such, the district court did not develop a factual record or otherwise rule on those allegations.  We therefore conclude the record is not sufficiently developed and we decline to address the merits of that claim at this time.

**AFFIRMED.**

6