[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12989
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cr-60224-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE CROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 3, 2013)

Before WILSON, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

Tyrone Cross appeals his convictions and 97-month sentence for two counts

of being a felon in possession of firearms and ammunition in violation of 18 U.S.C.

§ 922(g)(1).  On appeal, Cross raises four issues: first, that because the evidence does not support his convictions the district court erred in denying his motions for judgment of acquittal; second, that the district court should have granted his motion to suppress evidence found in a wooden box in the trunk of a car because the search was not a legitimate inventory search; third, that the district court should have granted his motion to suppress evidence found in a safe because his detention and arrest that led to its discovery were illegal; and fourth, that the district court judge should have recused himself from the sentencing phase of the trial due to bias or prejudice and improper judicial involvement in plea negotiations dealing with uncharged criminal conduct. The Government contends that all four of Cross's contentions are meritless.

After a careful review of the briefs and the record, we conclude that Cross's first three contentions lack merit.  While his first three contentions do not merit further consideration, Cross's fourth contention regarding the district court's alleged improper involvement in potential plea negotiations is sufficiently unusual to merit some discussion.

We review the denial of a motion for recusal for an abuse of discretion. *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007).  When employing the abuse of discretion standard of review, a court of appeals must affirm the district court's ruling unless it finds that the district court made a clear error of

judgment. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004). Rule 11(c)(1) of the Federal Rules of Criminal Procedure provides that the government and the defendant "may discuss and reach a plea agreement," but that "[t]he court must not participate in these discussions." Fed. R. Crim. P. 11(c)(1). We have broadly interpreted Rule 11(c)(1)'s prohibition on judicial involvement in plea negotiations, stating that Rule 11(c)(1) establishes a "bright line rule . . . ." *United States v. Johnson*, 89 F.3d 778, 783 (11th Cir. 1996). Going further, we have said that "simply put, district courts should not offer any comments touching upon this subject." *United States v. Tobin*, 676 F.3d 1264, 1307 (11th Cir. 2012).

But, we have also held that certain actions by district courts do not violate this broad prohibition. *Johnson*, 89 F.3d at 783-84. One such action is when a district court simply informs the defendant of his right to choose between two courses of action while explicitly leaving the choice to the defendant, in consultation with his attorney. *Id.* In this case, the district court did precisely this. Specifically, the court stated:

> I know you are [an] intelligent and thoughtful person, and, as I said before, I think these are tough decisions, but I want you to hear it from me, I would welcome the flexibility that would give me if you found yourself in [the situation to assist the government in other uncharged crimes]. If you feel you shouldn't do that, you can't do that, you are not able to do that, I understand that. That is a decision you need to make yourself also seeking [your attorney's] advice and help in that regard.

(R.5-91 at 760-62.)

No plea discussions were ongoing at the time of the district court's statement, and Cross had been convicted. Rule 11(c)(1) broadly serves: (1) to avoid the coercion that inevitably occurs when the court involves itself in plea negotiations or potential plea negotiations; (2) to protect the integrity of the judicial process; and (3) to protect the judge's impartiality. *Johnson* at 782-83. Thus, Rule 11(c)(1) could apply even though no plea negotiations are currently underway. However, in this instance, the district court's statement did not undermine the rule's purposes. We conclude that the district court did not abuse its discretion in denying Mr. Cross's request for recusal.

We affirm Cross's convictions and sentence.

AFFIRMED.