[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10483
Non-Argument Calendar
_____

D.C. Docket Nos. 4:10-cv-08001-VEH-PWG,
4:07-cr-00337-VEH-PWG

GARY STEVEN VASILOFF,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 9, 2015)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Gary Steven Vasiloff, proceeding *pro se*, appeals the district court's denial

of his 28 U.S.C. § 2255 motion to vacate his 3,900-month sentence for 21 counts

of sexual exploitation of a child, violations of 18 U.S.C. § 2251(a), and a single count of possession of child pornography, a violation of 18 U.S.C. § 2252(a)(5)(B). After careful review of the record and the parties' briefs, we affirm.

**I**

We assume the parties are familiar with the background of this case. Thus, we summarize the proceedings and facts only insofar as necessary to provide context for our decision.

Mr. Vasiloff filed a § 2255 motion to vacate his sentence in January of 2010, raising 12 claims. In ground six of the motion, he alleged that it was multiplicitous for more than one "production" count to be charged for a single "photo-shoot." The district court denied the § 2255 motion, ruling that Mr. Vasiloff's claims were barred by his knowing and voluntary appeal waiver and otherwise without merit. The district court also denied Mr. Vasiloff's motion for a COA and *in forma pauperis* status on appeal. This Court granted Mr. Vasiloff's motion for IFP status, and issued a COA on the following issues: (1) Whether Mr. Vasiloff's claim that the indictment was multiplicitous was barred by his guilty plea or the appeal waiver; and (2) if not, whether the indictment was multiplicitous.

**II**

We review a district court's legal conclusions in a § 2255 proceeding *de novo* and its factual findings for clear error. *Lynn v. United States.*, 365 F.3d 1225,

2

1232 (11th Cir. 2004).  This Court construes *pro se* pleadings liberally.  *See Tannenbaum v. United States* 148 F.3d 1262, 1263 (11th Cir. 1998).  We limit our review of Mr. Vasiloff's appeal to those issues specified in the COA.  *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

We have repeatedly held that the failure to raise the issue of multiplicity before trial waives the issue on appeal with regard to error in the indictment.  *See United States v. Pacchioli*, 718 F.3d 1294, 1308 (11th Cir. 2013); *United States v. Mastrangelo*, 733 F.2d 793, 800 (11th Cir. 1984). *See also* Fed. R. Crim. P. 12(b)(3)(B)(ii) (stating that motions that must be made before trial are those with "a defect in the indictment or information, including: . . . (ii) charging the same offense in more than one count (multiplicity)").

On the other hand, the failure to raise a jurisdictional defect in the indictment before trial does not waive the issue.  *See United States v. Peter,* 310 F.3d 709, 712 (11th Cir. 2002) ("Jurisdictional error implicates a court's power to adjudicate the matter before it, such error can never be waived by parties to litigation.").  But not all defects in an indictment are jurisdictional.  *See United States v. Cotton*, 535 U.S. 625, 631 (2002).  Rather, "[a]n indictment's relationship to jurisdiction is . . . based on whether it alleges conduct which constitutes a federal offense, not on some intrinsic value of an indictment as such." *United States v. McIntosh*, 704 F.3d 894, 903 (11th Cir. 2013) (alterations added).

3

Here, Mr. Vasiloff's guilty plea, given that it admitted all the elements of the formal criminal charges, waived all non-jurisdictional defects in his proceedings. *See United States v. Jackson*, 659 F.2d 73, 74 (11th Cir. 1981). Therefore, the issue is whether the multiplicity argument raised on appeal constitutes a jurisdictional challenge.

Mr. Vasiloff argues that the 21 photographs he took cannot serve as the basis for the 21 counts under § 2251(a) because these photographs were not part of 21 separate shooting sessions. Because his argument challenges the facts, his claim is not jurisdictional in nature and is barred by his guilty plea. *See United States v. Johnson*, 89 F.3d 778, 784 (11th Cir. 1996) (holding that a defendant's factual basis challenge presents a non-jurisdictional defect and, as such, is waived by a guilty plea). During the plea colloquy, the district court specifically pointed out each count to Mr. Vasiloff, the corresponding punishments associated with each count, and asked if he understood. Mr. Vasiloff responded that he did. *See* D.E. 27 at 11 – 12.

The result is the same even if we assume that Mr. Vasiloff's claim implicates the double jeopardy clause. Mr. Vasiloff waived his double jeopardy challenge when he pled guilty to 21 separate violations of § 2251(a) for which he may have been lawfully prosecuted. *See United States v. Smith*, 532 F.3d 1125, 1129–30 (11th Cir. 2008).

4

## III

For the reasons stated above, we affirm the district court's denial of Mr. Vasiloff's § 2255 motion.

**AFFIRMED**.